OPINION
{¶ 1} Jerry Reese appeals from the denial of his petition to vacate or set aside his sentence by the Clark County Court of Common Pleas.
 {¶ 2} On June 19, 2001, Reese was tried by a jury and convicted of four counts of receiving stolen property and one count of possessing criminal tools. The convictions were based on evidence that Reese and his co-defendant, Ahija Johnson, had rented a Chevy Blazer with a fraudulent credit card and had obtained merchandise (including a $1,000 gift certificate) from various stores using a fraudulent credit card. Reese was also found to have had a paper that listed several credit card numbers and expiration dates, including the number on an American Express card in the name of Kevin Smith, which had been used to purchase the merchandise found in the Blazer. See State v. Reese, Clark App. No. 2001-CA-48, 2002 Ohio-937. The trial court sentenced Reese to consecutive terms of imprisonment, totaling five and one half years.
 {¶ 3} Reese appealed from his conviction on July 13, 2001, and we affirmed. On August 28, 2002, Reese filed a petition to vacate or set aside his sentence, raising ineffective assistance of trial counsel. On September 8, 2003, the trial court denied his petition without a hearing. Reese filed this appeal on October 1, 2003, raising one assignment of error.
 {¶ 4} "The trial court erred in failing to grant the appellant a hearing in this matter and the appellant's conviction must be vacated since trial counsel was ineffective in her representation."
 {¶ 5} In his sole assignment of error, Reese claims that his trial counsel, who also jointly represented his co-defendant, Johnson, was ineffective. He summarizes her representation of him as follows:
 {¶ 6} "Attorney Cozette Snead was promptly retained by the Appellant and his co-defendant on December 4, 2000. Attorney Snead spoke to the Appellant only three times prior to trial: once when hired, at trial and once two days before trial when, after refusing to return the Appellant's telephone calls, he finally demanded that she file a motion to suppress in this matter. A motion hearing was held one and one half days later on the morning of trial. No trial strategy, no preparation was discussed or evident to the Appellant.
 {¶ 7} "Attorney Snead was offered a plea agreement by the prosecutor but it would only apply if both defendants accepted it. Appellant's co-defendant was in danger of getting a longer sentence than the Appellant and Attorney Snead began pressuring the Appellant to accept the plea so that Appellant's co-defendant would not get a longer sentence. This was stated directly to the Appellant by Attorney Snead. After the Appellant refused the plea agreement, Attorney Snead and Appellant's co-defendant went into a room with the prosecutor to discuss the Appellant's case without the Appellant being present. Subsequently both at trial and at sentencing Attorney Snead consulted with the Appellant's co-defendant and represented him to the detriment of the Appellant by failing to distinguish the Appellant's position from that of his co-defendant. Accordingly, Attorney Snead not only was ineffective in representing the Appellant, but had for all practical purposes ceased to represent him in anything but appearance." (Citations omitted).
 {¶ 8} In response, the state argues that we need not reach the merits of Reese's ineffective assistance of counsel claim. It contends that the trial court was prevented by R.C. 2953.23 from entertaining Reese's petition for post-conviction relief. We agree.
 {¶ 9} R.C. 2953.21(A)(2), which sets forth the time limitation for filing a petition for post-conviction relief, provides:
 {¶ 10} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 11} R.C. 2953.23 provides that a court "may not entertain a petition filed after the expiration of the period" set forth in R.C. 2953.21(A)(2) unless the petitioner can satisfy the requirements of either R.C. 2953.23(A)(1) or (A)(2). Under R.C.2953.23(A)(1), the petitioner may file outside of the 180 day period if both:
 {¶ 12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right[, and]
 {¶ 13} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 14} Alternatively, under R.C. 2953.23(A)(2), the petitioner may seek untimely post-conviction relief if "[t]he petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to2953.81 of the Revised Code or under section 2953.82 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * *."
 {¶ 15} In the present case, we are concerned only with R.C.2953.23(A)(1).
 {¶ 16} Because Reese filed a direct appeal, the time limitation period for post-conviction relief began to run on August 10, 2001, the date on which the transcript of proceedings was filed in this court in his direct appeal. Reese's petition to vacate or set aside his sentence was filed on August 28, 2002, more than 180 days after the filing of that transcript.
 {¶ 17} Reese has not presented any evidence that he can satisfy the requirements of R.C. 2953.23(A)(1) and thus bring an untimely petition for post-conviction relief. Reese undoubtedly was aware of his dissatisfaction with his attorney at the time of his trial. Prior to his trial, Reese complained to the court that he did not believe that his attorney was properly prepared to represent him. Moreover, he alleged during his direct appeal that his attorney had a conflict of interest based on her joint representation of Reese and Johnson. Although Reese stated in his affidavit that he was not aware that he could raise his complaints about his attorney's representation in a petition for post-conviction relief, he was not "unavoidably prevented" from bringing his petition, nor from discovering the facts upon which his petition is based. In addition, Reese has not asserted that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, nor has he based his petition on such a right. Finally, Reese has neither argued nor demonstrated that, but for his trial counsel's ineffective assistance, he would not have been convicted. Accordingly, Reese has failed to satisfy the requirements of R.C. 2953.23, and the trial court was not permitted to entertain his untimely petition for post-conviction relief.
 {¶ 18} Reese's assignment of error is overruled.
 {¶ 19} The denial of Reese's petition for post-conviction relief will be affirmed.
Fain, P.J. and Grady, J., concur.